**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Rodney Leon ALEXANDER, Defendant-
Appellant.**

**No. 29010.**

United States Court of Appeals,
Fifth Circuit.

July 9, 1970.

———◆———

James R. Gillespie, San Antonio, Tex.,
for defendant-appellant.

Seagal V. Wheatley, U. S. Atty., Reese
L. Harrison, Jr., Asst. U. S. Atty., Jere-
miah Handy, Asst. U. S. Atty., San An-
tonio, Tex., for plaintiff-appellee.

Before TUTTLE, THORNBERRY and
INGRAHAM, Circuit Judges.

PER CURIAM:

This appeal comes from a second conviction of the appellant after this court had reversed a prior conviction because of a failure by the trial court to suppress certain incriminating evidence held by this court to have been illegally obtained. See Alexander v. United States (5 Cir.) 390 F.2d 101. The gist of the appellant's contention here is that the trial court erred, likewise, in conducting this jury waived trial after having admitted in evidence a stamp of unusual, but not unique, design which the government contends was voluntarily given to the postal inspectors but which was made the basis of a motion to suppress by the appellant.

The evidence which this court held to have been illegally admitted on the prior case was obtained after postal inspectors had purportedly, but illegally, as held by this court, arrested the appellant and after they had obtained incriminating statements from him following what this court called "misleading" statements concerning the nature of the inquiry that was under way. On the contrary, the surrender by Alexander of the stamp in question occurred before any such deceitful practice had been perpetrated. As to the circumstances surrounding the surrender of the stamp by Alexander, the trial court found that it had been observed in Alexander's car earlier and when he came to the car to leave for home, the officers approached him, were recognized by him, but before any other conversation was had, he agreed to give the stamp to the officers after he stated in response to a question that he did not know where he had obtained it.

The trial court found that the surrender of the stamp was completely voluntary. We find nothing in the record, other than the fact that Alexander recognized the postal inspectors as being officials who were in a position to investi-

gate his conduct, to cast in question this finding by the trial court. This is not enough to warrant a finding that the trial court's determination of this fact issue was clearly erroneous. See U. S. v. White (5 Cir.) 431 F.2d 84, dec'd July 27, 1970.

The judgment is affirmed.